DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LUCKY NATION, LLC,** and **NINA SOLONENKO,**
Appellants,

v.

**HASSAN AL-MAGHAZCHI,**
Appellee.

No. 4D19-2097

[June 17, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barry J. Stone, Senior Judge; L.T. Case No. CACE 13-003907 (11).

Andrey Solonenko, Pembroke Pines, for appellants.

Omar M. Saleh of Florida Legal Consulting, P.A., Sunrise, for appellee.

DAMOORGIAN, J.

Appellants, Lucky Nation, LLC and Nina Solonenko, appeal a supplemental final judgment in favor of Appellee, Hassan Al-Maghazchi, and an order denying Appellants' motion to amend the supplemental final judgment. The underlying dispute to this appeal resolved the parties' competing interests to a parcel of real property encumbered by a first mortgage and a homeowners' association lien. Appellant Lucky Nation, LLC obtained its interest through a foreclosure of the association lien and later deeded half its interest to Appellant Nina Solonenko. Appellee obtained his interest through the foreclosure of the first mortgage, to which Appellants were not named as parties. When Appellee discovered the competing interests, he sought the right to re-foreclose the first mortgage as equitable subrogee of the original first mortgage holder. Ultimately, the trial court allowed Appellee to re-foreclose the first mortgage in a supplementary proceeding and entered a final judgment in favor of Appellee.

In the final judgment, Appellants were granted, as inferior lien holders, the right of redemption of the first mortgage. *See Quinn Plumbing Co. v. New Miami Shores Corp.*, 129 So. 690, 692 (Fla. 1930). After considering

Appellants' arguments, we conclude that the trial court did not err in entering final judgment in favor of Appellee or granting Appellants the right of redemption. Accordingly, to that extent, we affirm the final judgment without further comment.

However, the trial court improperly included in the redemption amount the full amount in the original final judgment plus interest and property taxes that accrued after entry of the original foreclosure judgment in favor of the first mortgage holder. This was error, and Appellee concedes that the inclusion of the post-judgment interest and taxes was erroneous. *See Quinn Plumbing Co.*, 129 So. at 693; *Thecsuccess Corp. v. Graham*, 577 So. 2d 590, 591 (Fla. 4th DCA 1991). Accordingly, we remand for the trial court to delete the interest, property taxes, and expenses that were incurred after the date of the filing of the original first mortgage foreclosure complaint. *See Pinto v. EMC Mortg. Corp.*, 700 So. 2d 91, 91 (Fla. 4th DCA 1997).

*Affirmed in part, reversed in part and remanded.*[1]

LEVINE, C.J., and KUNTZ, J., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**

---

[1] We are mindful of the issuance of Administrative Order SC20-23, Amendment 2 (the requirement in Florida Rule of Civil Procedure 1.580(a) for the clerk to issue a writ of possession "forthwith" remains suspended) and Executive Order 20-137 (extending, until 12:01 a.m. on July 1, 2020, Executive Order 20-94, which suspends and tolls any statute providing for a mortgage foreclosure cause of action under Florida law). We trust any motions directed to those orders shall be filed in the lower tribunal upon issuance of our mandate.